UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br>v.<br><br>PERRY BOWENS<br><br>*Defendant.* | Hon. Katharine S. Hayden, U.S.D.J.<br><br>Criminal No. 09-025<br><br>CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |

**WHEREAS**, on January 14, 2009, the United States filed an Indictment, Criminal No. 09-025, against Perry Bowens (hereinafter "Defendant"), charging him with a violation of 18 U.S.C. § 922(g)(1); and

**WHEREAS**, on March 24, 2010, Perry Bowens pled guilty to the Indictment; and

**WHEREAS**, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), a person convicted of an offense in violation of 18 U.S.C. § 922(g)(1) shall forfeit to the United States any firearm involved in or used in that offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of the following:

    a.    One Springfield Armory Model XP-9 9 millimeter handgun bearing serial number US829801; and

    b.    Ten 9 millimeter bullets,

(collectively the "Property") which were recovered at the time of arrest on September 19, 2008; and

**WHEREAS** the Defendant acknowledges that the Property was involved in an offense in violation of 18 U.S.C. § 922(g)(1), and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c); and

**WHEREAS** the Defendant agreed to forfeit the Property, waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States; and

**WHEREAS** the Defendant:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Property;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the

finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Property described above;

(6) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(7) Agrees to cooperate in resolving third-party claims in favor of the United States, and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the herein described assets, namely:

    a.  One Springfield Armory Model XP-9 9 millimeter handgun bearing serial number US829801; and

    b.  Ten 9 millimeter bullets,

are hereby forfeited to the United States of America pursuant to the provisions 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), for disposition in accordance with the provisions of 21 U.S.C. § 853; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such a

manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT**, the aforementioned forfeited property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this 29th day of July, 2010.

_____
Honorable Katharine S. Hayden
United States District Judge

The Undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____  Dated: 7/29/10
By: JONATHAN W. ROMANKOW
Assistant United States Attorney

_____  Dated: 7-29-10
PAUL J. CASTELEIRO, ESQ.
Attorney for Defendant Perry Bowens